# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENDA CHARMAINE CYPRAIN,<br><br>      Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>      Defendant. | Case No. 15-cv-02413-BAS-BGS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>**[ECF No. 22]** |

  Plaintiff brought this case seeking judicial review pursuant to 42 U.S.C. § 405(g) of an adverse decision by Defendant Commissioner of Social Security.[1] This matter was referred to U.S. Magistrate Judge Bernard G. Skomal for a Report & Recommendation ("R&R") in accordance with 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.1(c)(1), who recommended that this Court deny Plaintiff's motion for summary judgment (ECF No. 11) and grant Defendant's cross-motion for summary judgment (ECF No. 14). (ECF No. 19.) The Court declined to adopt the R&R, granted

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. She is therefore substituted as Defendant in this suit for former Acting Commissioner Carolyn W. Colvin. Fed. R. Civ. P. 25(d); 20 C.F.R. § 422.210(d) (stating that where an action for judicial review of a final decision by the Commissioner is instituted "the person holding the Office of the Commissioner shall, in his [or her] official capacity, be the proper defendant").

Plaintiff's motion, denied Defendant's motion, and remanded this case for further proceedings to review Plaintiff's application for disability benefits beyond step two of the five-step sequential analysis. (ECF No. 21.)

Plaintiff now moves for her attorneys' fees to be reimbursed by Defendant under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $8,285.24, and also requests $400.00 in costs for filing her Complaint. (ECF Nos. 22, 27.) Defendant opposes, arguing first that the government's position was "substantially justified" and thus an award under the EAJA is not appropriate, and, second, that the amount of attorneys' fees requested is unreasonable and should be reduced.[2] (ECF No. 23.) For the reasons stated below, the Court **GRANTS** Plaintiff's Motion for Attorneys' Fees and Costs.

I. ANALYSIS

    A. Defendant's Position Was Not Substantially Justified.

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). Thus, to be eligible for an award under the EAJA: (1) the claimant must be a "prevailing party"; (2) the government's position must not have been "substantially justified"; and (3) no special circumstances can exist that make an award unjust. *Comm'r, Immigration & Naturalization Serv. v. Jean*, 496 U.S. 154, 158 (1990).

The Supreme Court has held that a position may be substantially justified "if it has a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 566

---

[2] Plaintiff did not timely file her Reply due to a calendaring error. She moves, with Defendant's consent, for a four-day extension of time to make her Reply timely. (ECF Nos. 24, 26.) The Court will extend the applicable time period because it finds Plaintiff failed to act due to her counsel's excusable neglect. *See* Fed. R. Civ. P. 6(b); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (enumerating four-factor equitable test for determining excusable neglect).

n.2 (1988). When determining whether the government's position was substantially justified, the court considers "both the government's litigation position and the underlying agency action giving rise to the civil action." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). The government's position must be "as a whole, substantially justified." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (emphasis omitted). It also "must be 'substantially justified' at 'each stage of the proceedings.'" *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998) (quoting *Williams v. Bowen*, 966 F.2d 1259, 1261 (9th Cir. 1991)).

The "substantially justified" standard is significantly similar to the standard used to review the agency's decision in Social Security cases—"substantial evidence." *Meier*, 727 F.3d at 872. Given this similarity, the Ninth Circuit "and other circuits have held that a 'holding that the agency's decision . . . was unsupported by substantial evidence is . . . a strong indication that the 'position of the United States' . . . was not substantially justified." *Id.* (quoting *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005)); *see also Thangaraja*, 428 F.3d at 874 ("Indeed, it will be only a 'decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record.'").

Here, Plaintiff is considered the prevailing party by virtue of this Court's order granting Plaintiff's motion for summary judgment and remanding this action for further proceedings. *See Afanador v. Sullivan*, 809 F. Supp. 61, 64 (N.D. Cal. 1992) (finding that the Court's remand order "resulted in Plaintiff attaining the status of 'prevailing party,' as defined by the EAJA").

Further, Defendant does not meet its burden to show that the government's position was substantially justified. In its prior order, the Court found, among other things, that the Administrative Law Judge ("ALJ") did not provide specific and legitimate reasons that are supported by substantial evidence for rejecting treating physician Dr. Brolaski's medical opinions. (ECF No. 21 at 16:15–20:10.) This

finding is "a strong indication that [Defendant's position] . . . was not substantially justified." *See Thangaraja*, 428 F.3d at 847; *see also Meier*, 727 F.3d at 872 (holding that the government's underlying action was not substantially justified after concluding that the ALJ failed to offer specific and legitimate reasons, supported by substantial evidence, for rejecting the treating physician's opinion that the claimant was incapable of working).

Moreover, Defendant does not demonstrate that this action "is [a] decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed." *See Al-Harbi*, 284 F.3d at 1085. Defendant attempts to make this showing in its Opposition, but the Court finds the government's arguments unpersuasive. The ALJ rejected Plaintiff's claim at step two of the five-step sequential analysis, which is "a de minimis screening device [used] to dispose of groundless claims." *See Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996); *see also Ortiz v. Comm'r of Soc. Sec.*, 425 F. App'x 653, 655 (9th Cir. 2011) ("Ample authority cautions against a determination of nondisability at step two."). The fact that the ALJ terminated the analysis at step two belies the government's argument that its position was substantially justified. Additionally, some of the ALJ's conclusions were simply unsupported by the record. For instance, the ALJ's decision relied on his interpretation that Plaintiff was inconsistent in reporting her symptoms because she mentioned auditory hallucinations to the agency examiner, but not to her treating physician or psychologist. But as explained in the Court's order, this interpretation of the record was not even arguably correct. It was false. (ECF No. 21 at 14:27–15:8.) A review of this error and the others identified by the Court—while taking into account that Plaintiff's claim was rejected at step two as being groundless—confirms the "strong indication that the 'position of the United States' . . . was not substantially justified." *See Meier*, 727 F.3d at 872. Thus, the second requirement for an award under the EAJA is satisfied.

Additionally, this case does not involve any special circumstances that would make an award of attorneys' fees and costs unjust, nor does the Defendant assert that such circumstances exist. Defendant merely asserts that if this Court determines Plaintiff is entitled to attorneys' fees, they should be reduced. (Opp'n 10:26–28.)

Accordingly, this Court finds that Plaintiff is eligible for attorneys' fees and costs under the EAJA. The Court must now determine whether the fees and costs requested by Plaintiff are reasonable.

### B. The Requests for Fees and Costs Are Reasonable.

The Court first considers Plaintiff's request for attorneys' fees. "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). "[T]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* at 433.

Generally, the court should defer to the winning lawyer's professional judgment as to how much time was required for the case. *Costa v. Comm'r of Social Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012); *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("[A]fter all he [or she] won, and might not have, had he [or she] been more of a slacker."). Although surveying hourly rates awarded to attorneys of comparable experience and skill can be a useful tool, "it is far less useful for assessing how much time an attorney can reasonably spend on a specific case because that determination will always depend on case-specific factors including, among others, the complexity of the legal issues, the procedural history, the size of the record and when counsel was retained." *Costa*, 690 F.3d at 1136. If the government disputes the reasonableness of the fee, then it "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the

prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397–98 (9th Cir. 1992).

Here, Plaintiff submits the Declaration of James S. Pi, which details the procedural posture of the case before this Court remanded the case for further proceedings. (ECF No. 22-3.) Further, Plaintiff submits documentation that details the hours expended on the case (calculated to a decimal), the date of the work, the description of the work completed, and the attorney who completed that work. (Pi. Decl. Ex. A, ECF No. 22-4.) Plaintiff claims to have incurred 43 hours in attorneys' fees, and she seeks to recover $8.285.24 for these hours.[3]

Defendant does not question the hourly rates that Plaintiff submits. They are taken from the EAJA statutory rates and appear eminently reasonable. Rather, Defendant argues that, in the event the Court finds the government's position was not substantially justified, Plaintiff's counsel failed to adequately prove that the hours expended, and thus the fees sought, are reasonable. (Opp'n 9:27–10:1.) Defendant raises two arguments to support the claim that the number of hours billed is unreasonable: (1) Plaintiff's counsel, despite his expertise in Social Security matters and his work for a nationally-recognized disability law firm, is requesting hours for transcribing and summarizing the testimony and facts, "work that required no legal expertise and could easily be performed by a paralegal," and (2) Plaintiff's counsel is seeking payment for "vague references to legal research" and "editing the brief to comply with local rules." (*Id*. at 10:15–25.)

The Court finds Defendant's arguments unconvincing. As to Defendant's first point that some of Plaintiff's counsel's work "required no legal expertise," Plaintiff's counsel specifies that he expended 6.7 hours summarizing medical evidence from a 689-page transcript to be included in Plaintiff's motion for summary judgment. (Pi

---

[3] In her moving papers, Plaintiff requested fees for 38 hours of work. (Pi Decl. ¶ 11, Ex. A.) She seeks an additional five hours for the preparation of her Reply, bringing the total to 43 hours. (Reply 10:10–15.) The increase in 5 hours, at a rate of $192.68 an hour, raises the total fee amount from $7,321.84 to $8,285.24.

Decl. Ex. A). This Court does not find that the time attributed by Plaintiff's counsel to review and summarize the medical evidence is excessive. *C.f. Murphy v. Colvin*, No. 4:14-CV-03784-YGR, 2016 WL 1410279, at *3 (N.D. Cal. Apr. 11, 2016) (finding that it was "not unreasonable for Plaintiff's counsel to have spent 4.0 hours reviewing the 700-page administrative record"); *Palomares v. Astrue*, No. C-11-4515-EMC, 2012 WL 6599552, at *9 (N.D. Cal. Dec. 18, 2012) (explaining that the "9.5 hours for writing the three page Motion for Summary Judgment is reasonable given the 320 page administrative record, which counsel had to review in drafting his motion"). Additionally, the Court considers the results obtained, a "factor [that] is particularly crucial where a plaintiff is deemed 'prevailing.'" *Atkins v. Apfel*, 154 F.3d 986, 988 (9th Cir. 1998) (quoting *Hensley*, 461 U.S. at 434). Given Plaintiff's success in obtaining a remand for further proceedings, this Court does not find that the hours expended to ensure that success were unreasonable. *See Afanador*, 809 F. Supp. at 64.

As to Defendant's second point regarding Plaintiff's counsel making "vague references to legal research" and spending time to edit the summary judgment brief and comply with the local rules, Plaintiff's counsel specifies six distinct legal issues in his billing records that required legal research, amounting to a calculated 3.5 hours of work. (Pi Decl. Ex. A.) Further, according to Plaintiff's submission, Plaintiff's counsel attributes 1 hour of work for editing the summary judgment brief, complying with the local rules, and generating the table of contents and authorities. (*Id*.) The Court finds that Plaintiff's references to legal research are described with sufficient specificity, and the hours expended on researching, as well as a single hour for brief editing, complying with the local rules, and generating the table of contents, are reasonable. *See JGB Enters. v. United States*, 83 Fed. Cl. 20, 34 (Fed. Cl. 2008) (rejecting defendant's contention that plaintiff's counsel did not specify what research was conducted and finding that plaintiff's listed expenses "pair[ed] neatly with the [bill] describing the nature of the research").

Accordingly, Defendant does not meet its burden of rebuttal to Plaintiff's motion. *See Deukmejian*, 987 F.2d at 1397–98. This Court does not find that the hours claimed by Plaintiff are "excessive, redundant, or otherwise unnecessary." *See Hensley*, 461 U.S. at 434.

As for Plaintiff's request for costs, the EAJA authorizes an award of not only attorneys' fees, but also "other expenses." 28 U.S.C. § 2412(d)(1)(A). Plaintiff seeks $400.00 for filing fees. This amount is reasonable and recoverable. *See, e.g.*, *In re Application of Mgndichian*, 312 F. Supp. 2d 1250, 1266, (C.D. Cal. 2003) (awarding $1034.51 in costs under the EAJA for "for filing fees, Westlaw charges, transcripts, photocopies, faxes, messenger service and postage"). Thus, the Court will grant Plaintiff's request.

## II. CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's Motion for an Extension of Time (ECF Nos. 24, 26). Further, the Court finds Plaintiff, as the prevailing party, is entitled to attorneys' fees and costs in this case and that the requested fees and costs are reasonable. Therefore, the Court **GRANTS** Plaintiff's Motion for Attorneys' Fees and Costs (ECF No. 22) and awards Plaintiff attorneys' fees in the amount of $8,285.24 as well the costs incurred in filing her Complaint in the amount of $400.00.

**IT IS SO ORDERED.**

**DATED: August 2, 2017**

Hon. Cynthia Bashant
United States District Judge